UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KELVIN HARTFIELD          ) | |
|     Plaintiff,                     ) | |
|                                          ) | |
| v.                                         ) | Case No. 24-2232 |
|                                          ) | |
| TROY LOZAR *et al.*,             ) | |
|     Defendants.              ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Kelvin Hartfield, a resident of Champaign, Illinois, has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening. Plaintiff also filed a Motion for Service at Government Expense (Doc. 5).

**I.    Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

**1. State Criminal Proceedings**

On March 6, 2017, a jury found Plaintiff guilty of armed robbery and four counts of aggravated discharge of a firearm. *People v. Hartfield*, 2022 IL 126729, ¶¶ 1, 12 (Ill. 2022). Plaintiff appealed, raising speedy trial, public trial, and jury instruction claims. *Id.* at ¶ 26.

On October 6, 2020, the Fourth District Appellate Court of Illinois found no speedy or public trial violations and no reversible error on the jury instruction issue. Although the Appellate Court determined that the one act, one crime doctrine did not apply to Plaintiff's four convictions for aggravated discharge of a firearm, it vacated three of the four convictions and remanded for resentencing. *People v. Hartfield*, 2020 IL App (4th) 170787, ¶¶ 51, 94 (Ill. App. 4 Dist. 2020).

On April 21, 2022, the Supreme Court of Illinois affirmed in part and reversed in part. Specifically, the Court concluded no violation of Plaintiff's speedy trial right occurred. However, the Court remanded for retrial, holding that a single discharge of a firearm in the direction of multiple police officers can sustain only one conviction. After concluding that the remedy for any successful appeal of a right to a public trial claim would be to remand for a new trial, the Supreme Court of Illinois declined to address the issue. *People v. Hartfield*, 2022 IL 126729, ¶¶ 63, 96-97 (Ill. 2022).

**2. Federal Civil Proceedings**

After the Fourth District Appellate Court of Illinois entered its judgment but before the Illinois Supreme Court's determination, Plaintiff filed suit under 42 U.S.C. § 1983 in federal court, raising constitutional violations in his mentioned state criminal proceedings. *Hartfield v. City of Urbana*, 2021 WL 3036378, at *2 (C.D. Ill. July 18, 2021). Specifically, Plaintiff asserted "two vague conspiracy allegations, a state claim of intentional infliction of emotional distress, and 'due process, fundamental fairness,' and equal protection violations." *Id*. The Court dismissed Plaintiff's pleading, concluding that § 1983 protects a plaintiff from constitutional violations, not state policy violations, and Plaintiff's claims were barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which holds that a judgment for money damage under § 1982 that would imply the invalidity of a conviction or sentence is barred until the plaintiff proved the conviction or sentence was invalidated. *Id*. at *3.

**3. State Proceedings on Remand**

After the Supreme Court of Illinois entered its April 2022 Order, Plaintiff, proceeding *pro se*, was arraigned on August 19, 2022, and demanded his right to a speedy trial. On October 24, 2022, Plaintiff filed a motion to dismiss, asserting a speedy trial violation that the state court granted on November 4, 2022.

**C. Analysis**

**1. Violations Alleged**

Plaintiff's allegations concern events before his conviction on March 6, 2017, and

subsequent state proceedings on remand. Specifically, Plaintiff alleged the following: speedy trial violation against Champaign County Assistant State's Attorney Troy Lozar (count I); false arrest against Champaign County Sheriff's Deputy John Doe (count II); violations of the Illinois Law Enforcement Officer-Worn Body Camera Act ("Act") (50 ILCS 706/10-1 *et seq.*) against Champaign County Sheriff's Deputies Joshua Demko, Casey Donovan, Rob Derouchie, and Richard Ferriman (counts III and IV); malicious prosecution against Lozar and Champaign County Sheriff's Deputy Bryan Malloch (count V); civil conspiracy against Demko, Doe, Donovan, Derouchie, Ferriman, Lozar, and Malloch (count VI); respondeat superior against Champaign County (count VII); and intentional infliction of emotional distress ("IIED") against Demko, Doe, Donovan, Derouchie, Ferriman, Lozar, and Malloch (count VIII). (Pl. Compl., Doc. 1 at 7-17.)

   2. **Accrual**

At the outset, "federal law determines when [a § 1983] claim accrues." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). Thus, "[t]he statute of limitations begins to run when the plaintiff has knowledge of the injury and knowledge that the defendant …may have caused the injury." *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). However, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90.

Plaintiff's claims accrued on November 22, 2022, when the state court dismissed his criminal case. *See Savory v. Cannon*, 532 F.Supp.3d 628, 636 (N.D. Ill. 2021) ("[A]

plaintiff must wait until the favorable termination of the criminal proceedings to bring a § 1983 claim that, if successful, would be incompatible with his guilt.") (citing *McDonough v. Smith*, 588 U.S. 109, 117 (2019)). The Court notes that Plaintiff's pleading was filed within the two-year statute of limitations. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois[,] that period is two years.").

3. **Speedy Trial**

Plaintiff asserts that Defendant Lozar, the Champaign County Assistant State's Attorney who prosecuted Plaintiff's case on remand, violated his right to a speedy trial. However, Plaintiff invoked his right to a speedy trial during his arraignment on August 19, 2022, and sought to enforce that right by moving to dismiss, which the state court granted. Even if these facts could be construed as a speedy trial violation, Plaintiff's assertion fails because "prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Corley v. Wittner*, 811 Fed. App'x. 62, 63 (2d Cir. 2020) (affirming the district court determination that prosecutors were immune from suits regarding the plaintiff's speedy trial, fair trial, and obstruction of justice claims).

4. **False Arrest**

Plaintiff acknowledges that he was arrested on July 27, 2016. (Pl. Compl., Doc. 1 at 5.) Thus, the two-year statute of limitations on his false arrest claim against Defendant

Doe began to run on that date. *See Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998) (concluding that the statute of limitations begins to run on a false arrest claim "on the day of the arrest regardless of later proceedings"); *see also Franklin v. Burr*, 535 F. App'x 532, 533 (7th Cir. 2013) ("[A] claim contending that arresting officers violated the Fourth Amendment accrues at the time of the arrest, not when a conviction is set aside, because the remedy of suppression under the exclusionary rule does not necessarily prevent a valid conviction.") (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Plaintiff's pleading was filed after the deadline expired. Therefore, his allegation against Doe is time-barred.

**5. Illinois Law Enforcement Officer-Worn Body Camera Act**

Plaintiff asserts Defendants Demko, Donovan, Derouchie, and Ferriman failed to comply with sections 10-20(a)(3) and 10-20(a)(3)(B) of the Act (50 ILCS 706/10-20(a)(3); (a)(3)(b), which denied him of "potentially useful exculpatory evidence." (Pl. Comp., Doc 1 at 9.)

Section 10-20(a)(3) of the Act requires that body "[c]ameras must be turned on at all times when the officer is in uniform and is responding to calls for service or engaged in any law enforcement-related encounter or activity that occurs while the officer is on duty." *Id*. Section 10-20(a)(3)(B) requires that "[o]fficer-worn body cameras may be turned off when the officer is inside of a patrol car which is equipped with a functioning in-car camera; however, the officer must turn on the camera upon exiting the patrol vehicle for law enforcement-related encounters." (*Id.*)

However, even if Defendants Demko, Donovan, Derouchie, and Ferriman

intentionally violated the Act, their conduct would not establish a violation of Plaintiff's constitutional rights. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

### 6. Malicious Prosecution

"To establish a claim for malicious prosecution under Illinois law, plaintiffs must establish five elements: (1) commencement or continuation of an original proceeding [by the defendant]; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) malice; and (5) damages." *Colbert v. City of Chicago*, 851 F.3d 649, 654–55 (7th Cir. 2017) (quoting *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016)).

Plaintiff claims that Defendants Lozar and Malloch engaged in a malicious prosecution for "unlawfully manufacturing evidence" in violation of the Due Process Clause of the Fourteenth Amendment. However, Plaintiff does not state a claim against Lozar for the reasons already noted. *See Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause.").

Furthermore, under "longstanding" Seventh Circuit precedent, "the Fourth Amendment has no role to play after the initiation of formal legal process (e.g., an arrest warrant or a probable-cause hearing) . . . , [and] the existence of adequate remedies under Illinois law foreclose[s] a federal 'malicious prosecution' claim under the Due Process Clause." *Mitchell v. City of Elgin*, 912 F.3d 1012, 1014 (7th Cir. 2019) (citing *Newsome v.*

*McCabe*, 256 F.3d 747, 750 (7th Cir. 2001)); *see also Vaughn v. Chapman*, 662 F. App'x 464, 466 (7th Cir. 2016) ("This court has held that a federal claim for malicious prosecution exists only when there is no adequate state tort remedy, and Illinois has one."); *Kykta v. Ciaccio*, 633 F. App'x 340, 341 (7th Cir. 2015) (stating that a malicious prosecution claim is "not cognizable as a matter of federal constitutional law because Illinois provides an adequate tort remedy for malicious prosecution."); *Williams v. Davis*, 609 F. App'x 865, 867 (7th Cir. 2015) ("[B]ecause Illinois law provides an adequate remedy, [the plaintiff's] malicious-prosecution claim is foreclosed."). Thus, Plaintiff states no plausible federal constitutional claim against Defendants Lozar and Malloch for malicious prosecution.

### 7. Civil Conspiracy, Respondeat Superior, and IIED

Because the Court has determined that Plaintiff's pleading does not state a plausible violation of a federal right, the Court dismisses Plaintiff's remaining state law claims for civil conspiracy, respondeat superior, and IIED. *See Artis v. District of Columbia*, 138 S. Ct. 594, 597-98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims.") (citing 28 U.S.C. § 1367(c)(3)).

Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint

must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

Plaintiff's Motion for Service at Government Expense (Doc. 5) is moot with the entry of the Court's Order. If Plaintiff elects to file an amended pleading, he should not file another motion for service. *See* Fed. R. Civ. P. 4(c)(3) (stating that a district court must order service of process if a plaintiff is proceeding *in forma pauperis*).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Service at Government Expense (Doc. 5) is MOOT.**

2) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If**

**Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 5, 2025.

                                                s/ *Colleen R. Lawless*
                                  _____
                                         COLLEEN R. LAWLESS
                                   UNITED STATES DISTRICT JUDGE